### State v. Rohl
### Case No. 89-CA-21
### Guernsey County (5th)
### Decided February 21, 1990
[Cite as 1 AOA 196]

*For Plaintiff-Appellee: C. Keith Plummer, Prosecuting Attorney; John Mark Nicholson, Assistant Prosecutor, 139 Courthouse Square, Cambridge, Ohio 43725,*

*For Defendant-Appellant: Kent D. Biegler, 138 North 7th Street, Cambridge, Ohio 43725.*

PUTMAN, P.J.

This is an appeal from a judgment of sentence entered upon a jury verdict of guilty of one count of "corruption of a minor" (his stepdaughter) in violation of R.C. 2907.04, a felony of the third degree. The same jury acquitted the accused of four other counts involving the same minor. As to those counts, the accused offered an alibi as to each one. One of the counts on which the accused was acquitted was also another charge of corruption of a minor and three other counts of "sexual battery," a felony of the third degree in violation of R.C. 2907.03. Appellant appeals from the solitary conviction and sentence upon which he has been imprisoned since July 6, 1989. He assigns eight errors.

I. THE TRIAL COURT DID ERR BY FAILING TO GRANT A MISTRIAL AFTER THE FIRST TWO STATE'S WITNESSES INDICATED A POLYGRAPH EXAMINATION HAD BEEN GIVEN TO THE ALLEGED VICTIM AND, FURTHER BY NOT GIVING A LIMITING INSTRUCTION TO THE JURY.

II. THERE WAS PREJUDICIAL ERROR TO THE DEFENDANT WHEN THE PROSECUTOR QUESTIONED THE DEFENDANT AS TO POSSIBLE WITNESSES AND MADE INCORRECT STATEMENTS IN HIS CLOSING ARGUMENT WHICH FURTHER DENIES THE DEFENDANT/APPELLANT A FAIR AND IMPARTIAL TRIAL.

III. THE COURT ERRED IN REFUSING TO ALLOW THE DEFENDANT THE RIGHT TO HAVE A STIPULATION AS TO THE PLACE OF SCARS UPON THE DEFENDANT AND, FURTHER, ERRED BY NOT ALLOWING THE DEFENDANT TO SHOW TO THE JURY THE PLACEMENT OF THE SCARS.

IV. THE COURT ERRED BY FAILING TO GRANT THE DEFENDANT'S MOTION FOR AN ACQUITTAL AT THE CLOSE OF THE STATE'S EVIDENCE AND AGAIN AT THE CLOSE OF ALL THE EVIDENCE AS A NECESSARY ELEMENT, PENETRATION WAS NOT PROVEN.

V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ADMITTING AN EXPERT WITNESS TO TESTIFY THAT ABUSED CHILDREN BECOME PROMISCUOUS.

VI. THE COURT ERRED BY ALLOWING EVIDENCE OF THE DEFENDANT'S CHARACTER ON DIRECT EXAMINATION AND ON REBUTTAL.

VII. THE COURT ERRED BY NOT

ORDERING THE PROSECUTOR TO RELEASE PRIOR RECORDED STATEMENTS MADE BY THE VICTIM TO THE DEFENDANT'S COUNSEL, AFTER PROPER REQUESTS AND, THE COURT ERRED WHEN IT DID NOT ALLOW THE GRAND JURY TESTIMONY TO BE REVIEWED BY THE DEFENDANT'S COUNSEL FOR USE IN CROSS-EXAMINATION.

VIII. THERE WAS AN ABUSE OF DISCRETION TO THE PREJUDICE OF THE DEFENDANT BY THE TRIAL COURT IN ITS INSTRUCTIONS TO THE JURY AFTER DELIBERATIONS BEGAN.

We reverse the judgment and remand this cause to the Court of Common Pleas of Guernsey County. Our reasons follow in our serial consideration of the assignments of error.

## I

The first assignment of error complains of the failure of the trial court to grant a mistrial after the first two prosecution witnesses effectively established that the complaining witness had taken a polygraph examination. The first witness was Roxanne Ruess, a caseworker for Guernsey County Children's Services. This witness was identified as an investigator in the case. In response to the general question about her "dealings" with the prosecuting witness, the 13 year old stepdaughter of the accused, the investigator volunteered at T. 154, 1. 13, "I think I really -- well, I took her out up to the Bureau of Criminal Investigation that morning before we got custody of her so they could do it then, a polygraph test." Thereafter, the defense lawyer objected and the court responded, "Sustained. Continue."

Thereafter, after the conclusion of the testimony of the caseworker, the State immediately called Deputy Sheriff Captain Arnold Van Horn of the Guernsey County Sheriff's Department, the investigating officer who had been present at counsel table and in the courtroom during the testimony of the first witness. In response to a general question about "procedures" normally used in such cases, Captain Van Horn, at T. 206, 1. 20, *et seq*, and in particular at T. 207, 1. 16, answered:

The second thing we do is for any girls [sic] that is 13 years or older we request them

after they give us a statement we have them take a polygraph provided--.

Thereafter, objection and motion for mistrial followed. An extended discussion was held outside the presence of the jury. At its conclusion, the court explained that it would not grant the mistrial motion because, in its view, the jury had not been informed that the complaining witness actually took a polygraph test.

Immediately thereafter, the jury was reseated and the questioning of Capt. Van Horn continued. The next question was, T. 214, 1. 4:

Q: Did in your analysis of your investigation did you feel you failed to do anything that would normally be done?
A: No, sir.

In our opinion, the fact that the accused was on trial because of the accusation of the complaining witness, coupled with the testimony of these two witnesses, that the normal procedure was to give complaining witnesses in such cases a polygraph test, unmistakably informs the jury that she had taken the test and that the test showed she was telling the truth.

To make matters worse, the last question asked makes it crystal clear (in case anyone had missed the prior inference) that the deputy sheriff did not fail to do anything in this case that was normally done. "Normally" prosecutions are not undertaken where the complaining witness fails the test.

The last answer "really nails it down." In our opinion, the trial court should have granted the mistrial motion and, upon the subsequent answer to the "straw that breaks the camel's back" question, should have declared it *sua sponte*. See *State v. Souel* (1978), 53 Ohio St. 2d 123.

It was not until the close of the defense case, at T. 625, that the court allowed the juvenile file showing the test results into evidence at the request of defense counsel.

## II

The second assignment of error complains about various matters in closing argument respecting which no objection was made at trial. In this particular case, we overrule this assignment of error for failure to make trial objection considering the other assigned errors that were made the subject of trial objection.

198

## III

The third assignment of error refers generally to "the right to have a stipulation as to the place of scars . . .," and further complains of not allowing the defendant to show the jury the placement of the scars.

Upon careful examination of the record, we find there was no stipulation in fact, and whether or not to allow the evidence of the type requested is matter reposed in the sound discretion of the trial court, respecting which we find no abuse. Accordingly, the third assignment of error is overruled.

## IV

The fourth assignment of error complains of failure of the court to acquit the accused under Crim. R. 29, upon the claim that penetration was not shown.

The record at page 275 shows that the complaining witness affirmatively and expressly testified as to penetration.

The fourth assignment of error is overruled.

## V

The fifth assignment of error complains of the trial court allowing a witness to give opinion evidence, over objection as to relevance, "that sexual promiscuity in a young girl or teenager is definite behavioral--can be a behavioral indicator of a sexually abused child." (T. 244.) We sustain this assignment of error because the testimony was not made relevant to any issue of consequence in this case that concerned whether or not the accused was the one who had abused the child. See *State v. Hayes* (Sept. 21, 1988), Summit App. No. 43109, unreported. At that point in the trial, there was no record evidence that the accused had abused the prosecuting witness. *State v. Timperio* (1987), 38 Ohio App. 3d 156, 158 is inapposite. The opinion there was merely that the child had been abused. We find the allowance of the opinion was plain error.

## VI

The sixth assignment of error complains that the prosecutor in the State's case-in-chief presented a witness, Jacqie Croque, who testified that, when riding with defendant and the victim, she and the victim saw two males walking near the side of the road and stated that they were good looking, and the defendant said that they could "go fuck them," just as long as they found someone for him. An immediate objection and motion for mistrial was overruled,

(T. 231-238) and the prosecutor argued in closing argument (T. 703) that this testimony gave the jury a clear picture of "what's really inside Dean Rohl" (T. 703). Evid. R. 404 prohibits evidence of a person's character or trait of character for the purpose of proving that he acted in conformity therewith on a particular occasion.

This evidence was highly inflammatory and irrelevant.

In our opinion, it is not part of the *res gestae*. The accused was not charged with a continuing course of conduct but specific instances at particular times, none of which were the time of this alleged conversation.

## VIII

The eighth assignment of error complains of the conduct of the court with respect to the jury during its deliberations. We find no error therein. The instructions the court gave the jury were approved in the case of *State v. Howard* (1989), 42 Ohio St. 3d 18, and no other error appears therein.

For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County is reversed, and this cause is remanded to that court for further proceedings according to law consistent with this opinion.

MILLIGAN, J. and SMART, J., Concur.